1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
9                                      AT SEATTLE

10   DELBERT J. OTTER, a married man,              CASE NO. 12-2034-RSM

11                  Plaintiff,                     ORDER GRANTING
                                                   DEFENDANTS' MOTION TO
12          v.                                     DISMISS

13   NORTHLAND GROUP, INC., a
     Minnesota corporation; and MIDLAND
14   CREDIT MANAGEMENT, INC., a
     Kansas corporation,
15
                    Defendants.
16

17

18                                   **I. INTRODUCTION**

19          This matter comes before the Court upon Defendants' motion to dismiss Plaintiff's

     complaint pursuant to Fed. R. Civ. P. 12(b)(6).   Dkt. # 12.   The motion is considered in
20
     conjunction with Defendant Midland Credit Management, Inc.'s Fed. R. Civ. P. 12(c) motion for
21
     judgment on the pleadings.   Dkt. # 14.   For the reasons set forth below, Defendants' 12(b)(6) and
22
     Midland's 12(c) motions are GRANTED.
23

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

## II. BACKGROUND

This case arises from an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.  Northland Group, Inc. ("Northland") and Midland Credit Management, Inc. ("Midland") are the debt collectors on a credit card bill owed by plaintiff Delbert J. Otter. On a letter dated August 21, 2011, Northland informed Plaintiff that he owed $6,308.75 on the debt.  On October 28, 2011, Plaintiff filed for bankruptcy.  On a letter dated November 17, 2011, Midland informed Plaintiff that he owed $7,032.61 on the debt.  On February 13, 2012, the bankruptcy court discharged Plaintiff's debts.[1]  On June 29, 2012, Plaintiff filed a motion to abandon real estate and notice of a potential cause of action against Northland.  Plaintiff commenced this instant action on November 19, 2012 and the bankruptcy court subsequently closed its matter on December 11, 2012.

Northland moved to dismiss Plaintiff's FDCPA claim, alleging that it is barred by both the statute of limitations and the doctrine of judicial estoppel.  Midland separately filed a motion for judgment on the pleadings (Dkt. # 14) and subsequently joined in Northland's motion to dismiss (Dkt. # 17).  The two motions essentially contain the same arguments with regard to the statute of limitations and judicial estoppel defenses, so the Court will address them together.

## III. DISCUSSION

### A.  Legal Standard

A Fed. R. Civ. P. 12(b)(6) motion to dismiss permits a court to dismiss a complaint for failure to state a claim.  A Fed. R. Civ. P. 12(c) motion is made after the complaint has been

---

[1] Defendants request that the Court take judicial notice of dockets and filings in previous court proceedings, including Plaintiff's bankruptcy court filings.  Dkt. # 13.  As these documents are public records, Defendants' request for judicial notice is granted.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment.").

1    answered, but is treated the same.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

2    A complaint must contain factual information that states a plausible claim on its face.  *Ashcroft*

3    *v. Iqbal*, 556 U.S. 662, 678 (2009).  Construing facts in the light most favorable to the plaintiff,

4    the court should "accept as true all material allegations in the complaint [and] any reasonable

5    inferences to be drawn from them."  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)

6    (internal citations omitted).  A complaint need not include detailed allegations, but it must have

7    "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

8    action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While

9    dismissal on 12(b)(6) is generally disfavored, a court may dismiss a claim when the plaintiff

10   has included allegations disclosing some absolute defense or bar to recovery.  *Leadbetter v.*

11   *Comcast Cable Communications, Inc.*, No. 05-0892, 2005 WL 2030799, at *4 (W.D. Wash.

12   Aug. 22, 2005) (citing *United States v. Gaubert*, 499 U.S. 315, 324-25 (1991)).

13   **B.  Statute of Limitations**

14           Under the FDCPA, a claim must be brought within one year of the alleged violation.  15

15   U.S.C.A. § 1692k(d).  The "statute of limitations begins to run when a harassing collection letter

16   is mailed" and not when it is received.  *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997)

17   (citing *Maloy v. Phillips*, 64 F. 3d 607, 608 (11th Cir. 1995) and *Mattson v. U.S. West*

18   *Communications*, 967 F.2d 259, 261 (8th Cir. 1992)).  According to Rule 6(a), if the last day of

19   any calendar period falls on a Saturday, Sunday or holiday, the last day of the period is extended

20   to the next working day.  Fed. R. Civ. P. 6(a).  The Ninth Circuit applies this rule to FDCPA

21   claims.  *See Magnum v. Action Collection Service, Inc.*, 575 F.3d 935, 940 (9th Cir. 2009).

22           Northland's letter is dated November 17, 2011.  The following year, November 17, 2012,

23   falls on a Saturday.  Plaintiff properly commenced the lawsuit on Monday, November 19, 2012.

24   *See Clark v. Bonded Adjustment Co.*, 176 F.Supp.2d 1062, 1068 (E.D. Wash. 2001) (finding that

1   Rule 6(a) applies to the statute of limitations in the FDCPA and that the plaintiffs timely filed

2   their action on the following Monday when the last alleged violation of the Act fell on a

3   Saturday).  The Court is not persuaded by Defendants' argument that the tolling of the statute of

4   limitations began earlier since the alleged communication between Northland and Midland

5   occurred before the mailing date.  *See Naas*, 130 F.3d at 893 ("the date of mailing is a date which

6   may be fixed by objective and visible standards, one of which is easy to determine, ascertainable

7   by both parties, and may be easily applied" (internal quotations and citations omitted)).  Thus,

8   Plaintiff's claim was properly brought within the one year statute of limitations.

9   **C. Judicial Estoppel**

10          Judicial estoppel "precludes a party from gaining an advantage by asserting one position,

11   and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State*

12   *Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001).  "Judicial estoppel applies when:

13   (1) a party's position is clearly inconsistent with a previous one; (2) the prior court accepted the

14   previous inconsistent position; and (3) the inconsistency gave the litigant an unfair advantage in

15   the subsequent suit." *Hernandez v. Response Mortg. Service, Inc.*, No. 11-5685, 2011 WL

16   6884794, at *3 (W.D. Wash. Dec. 29, 2011) (citing *Hamilton*, 270 F.3d at 782).  In the

17   bankruptcy context, "a party is judicially estopped from asserting a cause of action not raised in

18   the debtor's schedules or disclosure statements." *Id.* at 783.  It will be "imposed when the debtor

19   has knowledge of enough facts to know that a potential cause of action exists during the

20   pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify

21   the cause of action as a contingent asset." *Kee v. Evergreen Professional Recoveries, Inc.*, No.

22   09-5130, 2009 WL 2578982, at *2 (W.D. Wash. Aug. 19, 2009) (citing *Hamilton*, 270 F.3d at

23   784).

24

1    Defendants allege that Plaintiff was on notice of a potential FDCPA claim when he

2    received the November 17, 2011 letter, yet failed to disclose or amend the bankruptcy schedule.

3    Dkt. # 12 at 4.  Plaintiff argues that he notified the bankruptcy court, trustee and creditors of his

4    potential FDCPA claim when he filed a motion to abandon real estate and potential causes of

5    action against Northland in June 2012.  Dkt. # 15 at 2.  Further, Plaintiff alleges that judicial

6    estoppel does not apply because he had no knowledge of the claim's existence until after the

7    bankruptcy proceedings began.  Dkt. # 28, p. 4.  First, Plaintiff's eventual abandonment of

8    property and notice of cause of action is immaterial, because he already received the benefit of

9    the discharge.  *See Hamilton*, 270 F.3d at 784 ("discharge of a debt by a bankruptcy court. . . is

10   sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later

11   vacated."); *Kee*, 2009 WL 2578982 at *3 (applying judicial estoppel where the plaintiff failed to

12   list a FDCPA cause of action as an asset and amended the schedule after the bankruptcy

13   proceeding was discharged and closed); *Bernardi v. Deutsche Bank Nat. Trust Co. America*, No.

14   11-5453, 2013 WL 163285, at *3 (N.D. Cal. Jan. 15, 2013) (dismissing plaintiff's claim with

15   prejudice for failing to disclose her FDCPA claim resulting in a discharge of debts).  Courts have

16   also applied judicial estoppel where the bankruptcy court has yet to discharge debts.  *E.g. Allers-*

17   *Petrus v. Columbia Recovery Group, LLC*, No. 08-5533, 2009 WL 799676, at *3 (W.D. Wash.

18   Mar. 24, 2009) (finding that the bankruptcy court need not actually discharge the debts for

19   judicial estoppel to apply, because the failure to disclose assets in the bankruptcy schedule is the

20   most compelling reason to bar a plaintiff from pursuing his claims).  Second, there is no basis to

21   distinguish Plaintiff's case, because he had sufficient facts to know that a potential cause of

22   action existed upon receiving the November 17, 2011 letter from Midland.  He had three months

23   to amend the bankruptcy schedule before the court issued a discharge of debts.  Thus, judicial

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 5

1   estoppel is proper here because Plaintiff failed to disclose he had a potential FDCPA claim in his

2   bankruptcy schedule and failed to amend the schedule when he was on notice of his potential

3   claim.  Accordingly, Plaintiff fails to state a claim upon which relief can be granted and

4   Defendants' motion to dismiss is thereby GRANTED.

5   **D.  Remaining Issues in Midland's Motion**

6        The Court notes that in addition to the statute of limitations and judicial estoppel

7   defenses, Midland raises two additional issues in its motion attacking the sufficiency of

8   Plaintiff's complaint.  Since the Court dismisses Plaintiff's claim on judicial estoppel grounds, it

9   need not reach the issues on whether Plaintiff fails to plead actual knowledge or whether the

10  complaint fails to establish material misrepresentation.[2]  Midland's for judgment on the

11  pleadings is GRANTED.

12                              **IV. CONCLUSION**

13       Plaintiff fails to state a claim for which relief can be granted.  Accordingly, Defendants'

14  Motion to Dismiss is GRANTED and Midland's Motion to Dismiss by Judgment on the

15  Pleadings is GRANTED.  Where a complaint is dismissed for failure to state a claim, "leave to

16  amend should be granted unless the court determines that the allegation of other facts consistent

17  with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v.*

18  *Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).  Since the application of judicial

19  _____

20       [2] Plaintiff essentially conceded to the allegations in Midland's motion because the
    Response was not timely filed with the Court.  *See* Local Rule CR 7(b)(2) ("If a party fails to file
21  papers in opposition to a motion, such failure may be considered by the court as an admission
    that the motion has merit.").  Plaintiff did inform the Court via letter that a Response would not
22  be timely filed, however, the proper procedure is to file a motion for relief from a deadline to be
    noted for consideration by the Court.  Local Rule CR 7(d)(2).  Even if the Response is taken as
23  timely, it has no effect on the Court's conclusion that judicial estoppel applies, because Plaintiff
    concedes that knowledge arose of the FDCPA claim's existence when he received the November
24  17, 2011 letter from Midland.  Dkt. # 28 at 4.

estoppel acts as an absolute bar to plaintiff's claim, no leave shall be granted and the complaint is dismissed with prejudice.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss (Dkt. # 12) is GRANTED.

(2) Midland's motion for judgment on the pleadings (Dkt. #14) is GRANTED.

(3) Plaintiff's motion for leave to file a surreply (Dkt. #21) has been withdrawn.

(4) Plaintiff's motion for ESI order (Dkt. #33) is STRICKEN AS MOOT.

(5) The Clerk is directed to forward a copy of this Order to all counsel of record.

Dated this 21 day of May 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE